# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TRACEY JACKSON, Administratrix** :
**of the Estate of Gwendolyn M. Guyton,** :
**deceased** :
       :
    Plaintiff, :
       :
    v. :   Civil Action No. 7:06-cv-19 (HL)
       :
**AMERICAN GENERAL FINANCIAL** :
**SERVICES, INC. and MERIT LIFE** :
**INSURANCE COMPANY,** :
       :
    Defendants. :
_____

## ORDER

      This Court conducts an initial review of each case. This initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts only have limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>Save the Bay, Inc. v. United States Army</u>, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. <u>Kokkonen</u>, 511 U.S. at 377; <u>Save the Bay</u>, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. <u>Save

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. <u>Id.</u>

the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction in this Court may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. §§ 1331, 1332 (West 1993 & Supp. 2004). The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of *$75,000*, exclusive of interest and costs, and is between . . . *citizens* of different States." 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2004) (emphasis added). "[A] complaint is fatally defective, as far as diversity jurisdiction is concerned, unless the complaint contains a proper allegation of the amount in controversy." Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462, 1465 (S.D. Ala. 1993) (citing Schlesinger v. Councilman, 420 U.S. 738, 744 (1975)). When a case filed in state court is removed to federal court, the burden of proving jurisdiction lies with the removing defendant. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Finally, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. at 1319-20.

In this case, Defendants American General Financial Services, Inc. and Merit Life Insurance Company filed a notice of removal pursuant to 28 U.S.C.A. § 1441, alleging diversity jurisdiction under 28 U.S.C.A. § 1332. Because this case was originally filed in state court and Defendants removed it to federal court, they bear the burden of proving that federal jurisdiction exists. Id. at 1319. In an effort to do so, Defendants provided information
<mark>...</mark>

regarding the parties' citizenship and alleged "[b]ased on the plaintiff's demands, the amount in controversy exceeds the value or sum of $75,000.00." (Doc. 1 at pg. 2.) While the Court is content Defendants have shown the parties are of diverse citizenship, it concludes the amount in controversy requirement has not been satisfied.

Attached to Defendants' Notice of Removal is the complaint Plaintiff filed in state court, which claims a specific amount of damages: $63,029.00. (Pl.'s Compl. at ¶ 20.) Nonetheless, in Defendants' Notice of Removal, they assert that the amount in controversy exceeds $75,000.00. (Doc. 1 at pg. 2.) The Notice of Removal fails to set forth any underlying facts to support its $75,000.00 amount in controversy allegation, nor does it offer any explanation for this $11,971.00 discrepancy. Defendants' mere "conclusory allegation" regarding the amount in controversy is insufficient to satisfy federal diversity requirements and establish jurisdiction.

Defendants have failed to meet their burden. Defendants have ten (10) days, from the entry of this order on the docket, to properly allege diversity jurisdiction.[2] If Defendants fail

---

[2] Defendants' Notice of Removal uses the phrase "based on the plaintiff's demands" in regards to the amount in controversy. This phrase could be a reference to settlement offers made by Plaintiff; however, the Court cannot conclusively determine the meaning of the phrase without more information. Even if the Court did construe the foregoing phrase as a reference to Plaintiff's settlement offers, the United States Court of Appeals for the Eleventh Circuit has held that a settlement offer, by itself, does not determine whether the amount in controversy requirement has been satisfied, but "it counts for something." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Other courts that have attempted to determine what weight, if any, to give to offers of settlement have refused to consider them where the defendant has failed to show that the plaintiff's settlement demand "was an honest assessment of damages." Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1365 (M.D. Fla. 1998). In Golden, the court treated the plaintiff's pre-litigation demand letter as mere posturing, rather than an accurate assessment of the value of the case, and refused to consider it as evidence of the amount in controversy. Id. See also Broderick v. Dellasandro, 859 F. Supp. 176, 179 (E.D. Pa. 1994) (acknowledging some demand letters as mere "posturing"); Sfirakis v. Allstate Ins. Co., 1991 WL 147482, at *3 (E.D. Pa. July 24, 1991) (demand letter was "nothing more than posturing by counsel"

to do so, the case will be remanded to the Lowndes County Superior Court for lack of jurisdiction.

SO ORDERED, this the 27th day of March, 2006.

<u>s/   Hugh Lawson</u>

**HUGH LAWSON, JUDGE**

pdl

---

and could not be used to establish amount in controversy).