# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| TRACEY JACKSON, Administratrix of the Estate of Gwendolyn M. Guyton, deceased, : : : : : | |
| Plaintiff, : | Civil Action No. 7:06-cv-19 (HL) |
| v. : : | |
| AMERICAN GENERAL FINANCIAL SERVICES, INC. and MERIT LIFE INSURANCE COMPANY, : : : : | |
| Defendants. : | |

## ORDER

This case is before the Court for a sua sponte subject matter jurisdiction review. For the reasons set forth below, the Court determines Defendants have failed to meet their burden in satisfying the amount in controversy requirement for jurisdiction based on diversity of citizenship. Therefore, this case is remanded to the Superior Court of Lowndes County, Georgia for lack of jurisdiction.

**I.    PROPER JURISDICTIONAL BASIS**

As the Court's previous order (Doc. # 15) noted, the Court conducts an initial review to ensure each case has a proper jurisdictional basis. This is important because federal courts only have limited jurisdiction and possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir.

1981).¹  Therefore, federal courts should constantly examine a case's jurisdictional basis—even on their own initiative if necessary.  Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction in this Court may be based on a federal question or on diversity of citizenship.  28 U.S.C.A. §§ 1331, 1332 (West 1993 & Supp. 2005).  The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. A. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2005). "[A] complaint is fatally defective, as far as diversity jurisdiction is concerned, unless the complaint contains a proper allegation of the amount in controversy." Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462, 1465 (S.D. Ala. 1993) (citing Schlesinger v. Councilman, 420 U.S. 738, 744 (1975)).

When a case filed in state court is removed to federal court, the burden of proving jurisdiction lies with the removing defendant.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  The defendant must meet this burden by proving by "a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional requirement.  McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189

---

¹ The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc.  Id.

(1936). Thus, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20. Furthermore, due to the limited jurisdiction of federal courts, removal statutes are construed narrowly with doubts and uncertainties in favor of remand. Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1095 (11th Cir. 1994).

**II.   ANALYSIS**

In this case, Defendants American General Financial Services, Inc. and Merit Life Insurance Company filed a notice of removal pursuant to 28 U.S.C.A. § 1441, alleging diversity jurisdiction under 28 U.S.C.A. § 1332. Because this case was originally filed in state court and Defendants removed it to federal court, they bear the burden of proving that federal jurisdiction exists. Williams, 269 F.3d at 1319. Defendants provided information regarding the parties' citizenship and alleged "[b]ased on the plaintiff's demands, the amount in controversy exceeds the value or sum of $75,000.00." (Notice of Removal at ¶ 1(a).) Yet the complaint Plaintiff filed in state court claims a specific amount of damages: $63,029.00. (Compl. at ¶ 20.) Defendant's Notice of Removal failed to set forth any further facts showing how the amount in controversy of $75,000 is met. Therefore, the Court determined that the amount in controversy was not satisfied based on this information and gave Defendants ten (10) days, to properly allege diversity jurisdiction. (Order of March 27, 2006 at 3-4.) In response, Defendants filed an Amended Notice of Removal (Doc. # 19). The Court will now reconsider the jurisdictional basis of this case, in light of Defendants'

response.

### A.     Plaintiff's Complaint

Again, in the complaint Plaintiff filed in state court, Plaintiff claims a specific amount of damages: $63,029.00. (Compl. ¶ 20.) This demand, when considered alone and by itself, does not meet the amount in controversy required for diversity jurisdiction in federal court. 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2005).

### B.     Interest and Late Charges

Defendants claim, in their Amended Notice of Removal, that the accrued interest and late charges demanded by Plaintiff should be considered by the Court in determining the amount in controversy. (Amended Notice of Removal ¶¶ 1(a), 1(b), 1(g).) However, contrary to this assertion, a district court cannot consider interest and late charges when determining the amount in controversy. 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2005); see, e.g., Owners Insurance Co. v. McClung, 2003 WL 23190907 at * 2 (N.D. Ga. 2003). Therefore, the interest and late charges demanded by Plaintiff's Complaint will not be considered in determining whether Defendants have satisfied the requisite amount in controversy.

### C.     Attorney's Fees

Defendants claim, in their Amended Notice of Removal, that the attorney's fees demanded by Plaintiff in the Complaint, should be considered by the Court in determining the amount in controversy. (Amended Notice of Removal ¶¶ 1(b), 1(c), 1(g).) The Court agrees that a district court may consider a demand for attorney's fees in determining the

amount in controversy when the attorney's fees are allowable by applicable state law. See, e.g., Hall v. Travelers Ins. Co., 691 F. Supp. 1406, 1409 (N.D. Ga. 1988). However, the allegation of attorney's fees must be specific in order for a defendant to meet the burden of proof upon removal. Blank v. Preventive Health Programs, Inc., 504 F. Supp. 416, 421-22 (D.C. Ga. 1980). A defendant, for example, can provide the district court with affidavits containing the possible range of attorney's fees that are recoverable in the case. See Hall, 691 F. Supp. at 1410. In Blank, attorney's fees were recoverable under Georgia law when it was "shown that the defendant was stubbornly litigious, put the plaintiff to unnecessary trouble and expense, or acted in bad faith." Blank, 504 F. Supp, at 421; O.C.G.A. § 13-6-11 (2005) (formerly Ga. Code Ann. § 20-1404 (Harrison 1977)). There, the court held that because the award of attorney's fees was left to the discretion of the jury pursuant to this statute, and no specific amount of attorney's fees was demanded, the court could not consider the allegation of attorney's fees in determining whether the defendant met the requisite jurisdictional amount. Blank, 504 F. Supp. at 421-22.

In this case, Defendants' Amended Notice of Removal states that attorney's fees are recoverable in the case pursuant to O.C.G.A. § 13-6-11 (2005), but the Notice does not allege a specific amount of attorney's fees. Defendants offer no evidence, in the form of affidavits or otherwise, of a specific amount of attorney's fees demanded. Because the award of attorney's fees in this case is left to the discretion of the jury pursuant to O.C.G.A. § 13-6-11, and Defendants have offered no evidence from which a specific amount can be ascertained, the Court has no way of determining whether an award of attorney's fees would be sufficient,

when added with the amount of damages claimed, to meet the jurisdictional requirement of more than $75,000.  Therefore, the demand of attorney's fees in the Complaint will not be considered in determining whether Defendants have satisfied the amount in controversy required for diversity jurisdiction.[2]

### D. Punitive Damages

Defendants claim, in their Amended Notice of Removal, that the punitive damages demanded by Plaintiff in the Complaint, should be considered by the Court in determining the amount in controversy.  (Amended Notice of Removal ¶¶ 1(e), 1(f), 1(g).)  When determining the jurisdictional amount in controversy, punitive damages must be considered by the court, unless it is "apparent to a legal certainty that such cannot be recovered."  Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); Bell v. Preferred Life Assur. Soc. of Montgomery, Ala, 320 U.S. 238, 240 (1943).  However, the allegation must be supported; a bare assertion is not sufficient.  See, e.g., Hitch v. Laws, 2000 WL 1005888 (S.D. Ala. 2000); Sharritt v. Liberty Mutual Ins. Co., 2005 WL 1505994 (S.D. Ala. 2005).  For example, courts have allowed defendants to provide affidavits showing the possible recovery amount of punitive damages or evidence of similar cases where a specific

---

[2] Plaintiff's counsel has filed an affidavit in response to Defendant's Amended Notice of Removal (Doc. # 20), which states that a legal error was committed when the Complaint in this case was drafted, and that as the Complaint is pled, there is no basis for a claim for attorney's fees since the appropriate notice has not been given.  The Court expresses no opinion on counsel's assertion, and merely notes that the burden to properly allege jurisdiction upon removal rests with Defendant.  In light of this obligation, and as discussed above, Defendant has failed to properly discharge this burden, regardless of the veracity of Plaintiff's counsel's analysis.

amount of punitive damages was recovered.  Hitch, 2000 WL 1005888 at *2-3 (holding that defendants' simple assertion that punitive damages sought by plaintiff for defendants' wanton conduct was not sufficient for the court to consider punitive damages in assessing whether the jurisdictional amount in controversy was met); Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co., 995 F. Supp. 1388, 1392-93 (M.D. Ala. 1998).

In this case, Defendants simply assert that punitive damages should be considered by the Court in determining the amount in controversy.  Defendants offer no specific amount or any evidence in the form of affidavits or similar cases to show the Court that punitive damages, when combined with the specific damages sought in the Complaint, would be in excess of the jurisdictional requirement of $75,000.  Therefore, the demand of punitive damages in the Complaint will not be used to determine whether the amount in controversy is satisfied.

### III.   CONCLUSION

For the reasons given above, Defendants have failed to meet their burden of establishing the requisite amount in controversy for diversity of citizenship jurisdiction in federal court.  Therefore, this case is remanded to the Superior Court of Lowndes County, Georgia for lack of jurisdiction.  In addition, Defendants' Motion to Compel Arbitration and Stay Further Proceedings (Doc. # 6) and Plaintiff's motions to Disqualify Counsel (Doc. # 12) and to Dismiss Without Prejudice (Doc. # 18) are all dismissed for lack of jurisdiction, per the reasoning contained in this order.

SO ORDERED, this the 17th  day of April, 2006.

**s/   Hugh Lawson**

**HUGH LAWSON, JUDGE**

emd